CHARLES ENO, Appellant, *v.* DENNIS O'RIORDAN, Sometimes Known as DENNIS O'REARDON, Respondent.

First Department, November 9, 1917.

**Malicious prosecution — false imprisonment — evidence establishing prima facie cause for malicious prosecution — erroneous dismissal of said action — new trial.**

Where in an action to recover damages for false imprisonment and malicious prosecution it appears that the plaintiff, an attorney at law, entered upon the property of the defendant to serve him with an injunction restraining him from collecting rents, etc., and on the refusal of the plaintiff to leave the defendant's premises he personally arrested the plaintiff, took him to a Police Court where he was imprisoned and prosecuted him for disorderly conduct and gave testimony against the plaintiff who was subsequently discharged by the court, there was *prima facie* proof of a cause of action for malicious prosecution and it was error for the court to dismiss that cause of action.

Hence, although the plaintiff recovered for false imprisonment and although only one verdict for the two causes could have been rendered, a new trial will be granted for the jury could have awarded punitive damages in the action for malicious prosecution erroneously dismissed.

APPEAL by the plaintiff, Charles Eno, from a judgment of the Supreme Court in his favor, entered in the office of the clerk of the county of New York on the 27th day of February, 1917, upon the verdict of a jury for $100, rendered after the court had dismissed the second cause of action for malicious prosecution set forth in the complaint, and further an appeal is taken from the order entered in said clerk's office on the 28th day of February, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Charles G. F. Wahle,* for the appellant.

*James R. Speers,* for the respondent.

SHEARN, J.:

The complaint alleged a cause of action for false imprisonment and a cause of action for malicious prosecution, both based upon the same state of facts. At the close of plaintiff's case, the court dismissed the cause of action for malicious prosecution. There was a verdict of $100 upon the cause of action for false imprisonment. The plaintiff appeals from the judgment entered upon the verdict and from an order denying his motion for a new trial. The appeal presents the question whether the court was warranted in dismissing the cause of action for malicious prosecution.

The plaintiff, a member of the bar, acting in behalf of a client claiming the right to possession of certain real property, entered upon the property and served upon the defendant, whose interest was adverse to that of plaintiff's client, an injunction restraining the defendant and others from collecting the rents and from in any manner interfering with the control of the property or with the employees of the plaintiff in the suit in the collection of the rents or otherwise. After consultation with certain persons by telephone, the defendant, in disregard of the injunction, ordered the plaintiff to leave

the premises, and on plaintiff's refusal the defendant personally placed the plaintiff under arrest and took the plaintiff to a police court, where plaintiff was locked up for several hours while awaiting the return of the magistrate. When the magistrate resumed the bench, the defendant entered and verified a complaint charging the plaintiff with disorderly conduct and prosecuted the complaint, taking the stand and testifying to the plaintiff's refusal to leave the aforesaid premises. After hearing the testimony and learning the circumstances under which plaintiff insisted upon remaining in said premises, the magistrate dismissed the complaint and plaintiff was discharged from custody. Upon the trial under review it clearly appeared that the defendant had acted with such an utter want of any probable cause as to warrant an inference of malice, and, further, evidence was given which would have readily supported a finding of actual malice, growing out of the bitter relations between the parties to the injunction suit and plaintiff's relation thereto as attorney. Therefore, every element was established, *prima facie*, to support a cause of action for malicious prosecution, the institution of the proceeding by filing the complaint in the Magistrate's Court, the prosecution thereof by giving testimony in an attempt to support the complaint, lack of probable cause, malice and a termination of the proceeding in favor of the plaintiff herein. It was, therefore, error to dismiss this cause of action. While there could be only one verdict although there were two causes of action, the verdict would naturally have been a substantial one if the jury had found malice, whereas by a further erroneous ruling of the court, to which, however, no exception was taken, the court refused to permit an award of punitive damages in the verdict to be based upon the cause of action for false arrest.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the avent.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.